SO ORDERED.

Dated: December 19, 2019



*Madeleine C. Wanslee*
**Madeleine C. Wanslee, Bankruptcy Judge**

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re

MICHAEL L. HALE

and

JULIE R. HALE

Defendant

CHAPTER 13

CASE NO. 2-19-BK-08227-MCW

**STIPULATED ORDER CONFIRMING FIRST CHAPTER 13 PLAN**

The Chapter 13 First Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

IT IS ORDERED confirming the First Plan ("Plan") of the Debtors as follows:

(A) INCOME SUBMITTED TO THE PLAN. Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|--------|--------|
| 1-60   | $1800  |

The payments are due on or before the 3rd day of each month commencing August 3, 2019. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall

In re : Michael and Julie Hale
Case No. 2:19-bk-08227-MCW

must be cured before the plan is deemed completed.

The Debtors shall provide to the Trustee copies of their federal and state income tax returns for post-petition years 2019 - 2023 within 14 days of filing them.

(2) Other Property. In the event other property is submitted, is shall be treated as supplemental payments.

(B) DURATION. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) CLASSIFICATION AND TREATMENT OF CLAIMS. Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order

(1) Administrative expenses:

<u>Attorney Fees.</u> Tom McAvity, shall be allowed total compensation of $4500. Counsel received $0 prior to filing this case and will be paid $4500 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property: None.
(3) Claims Secured by Personal Property:
    (a)    AmeriCredit Financial Services, secured by a lien in a Buck Verano, shall be paid a secured claim of $13333.10 with 7% interest. The creditor will receive adequate protection payments of $200 per month. The balance of the debt shall be classified as unsecured.
    (b)    Flagship Credit Acceptance secured by a lien in a 2016 Mazda, shall be paid a secured claim of $27332.74 with 7% interest. The creditor will receive adequate protection payments of $450 per month. The balance of the debt shall be

In re : Michael and Julie Hale
Case No. 2:19-bk-08227-MCW

classified as unsecured.

      (c) Conn's Home Plus secured by a lien in household goods, shall be paid a secured claim of $5303 with 6% interest. The creditor will receive adequate protection payments of $200 per month. The balance of the debt shall be classified as unsecured.

(4) Unsecured Priority Claims:

      (a) Internal Revenue Service shall be paid an unsecured priority claim of $1967.22 with no interest for priority tax arrears.

(5) Surrendered Property.

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

      a.) 2018 Nissan Altima to Nissan Motor Acceptance

(6) Other Provisions:

      (a) )Unsecured creditors shall be paid 100% of allowed claims before the Plan shall be deemed completed

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors [remains property of the bankruptcy estate] upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

In re : Michael and Julie Hale
Case No. 2:19-bk-08227-MCW

1 | Approved as to Form and Content By:

```
_____  RBrown          Russell Brown
Russell Brow                       2019.12.18 17:05:20 -07'00'
```

```
_____
Tom McAvity
Attorney for Debtors
```

The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

```
_____
Michael L. Hale
Debtor
```

```
_____
Julie R. Hale
Debtor
```

In re Hale
Case No. 2-19-BK-~~08277~~-MCW
*08227*